

U.S. Department of Justice

United States Attorney's Office
Western District of Wisconsin

Telephone 608/264-5158
TTY 608/264-5006
Administrative Facsimile 608/264-5183
Civil Division Facsimile 608/264-5724
Criminal Division Facsimile 608/264-5054

Address:
222 West Washington Avenue
Suite 700
Madison, Wisconsin 53703

March 26, 2021

Kelly A. Welsh
Federal Defender Services of Wisconsin, Inc.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703

    Re:    *United States v. Brian Lamphier*
           Case No. 20-cr-00149-jdp

Dear Attorney Welsh:

      This is the proposed plea agreement between the defendant and the United States in this case.

      1.    The defendant agrees to plead guilty to Count 2 of the indictment in this case. This count charges a violation of Title 18, United States Code, Section 2252(a)(2) which carries mandatory minimum penalties of five years in prison and five years of supervised release, and maximum penalties of 20 years in prison, a $250,000 fine, supervised release for life, a $100 special assessment, a $5,000 assessment under 18 U.S.C. § 3014, unless the defendant is found to be indigent; an assessment up to $35,000 under 18 U.S.C. § 2259A, and the entry of an appropriate restitution order. If the defendant has a prior conviction as described in 18 U.S.C. § 2252(b)(1), the penalties related to prison time increase to a mandatory minimum penalty of 15 years in prison and a maximum penalty of 40 years in prison. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

      2.    The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

March 26, 2021
Page 2 of 5

    3.    The defendant acknowledges, after consultation with his attorney, that he fully understands the extent of his rights to appeal the conviction and sentence in this case. By his signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal his conviction and any sentence of imprisonment of 180 months or less, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

    4.    The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

    5.    The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report. The United States also agrees to move to dismiss the remaining count of the indictment at the time of sentencing.

    6.    The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement, and the defendant's efforts to make the agreed-upon immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. This recommendation is contingent on the defendant signing this plea letter on or before April 2, 2021.

March 26, 2021
Page 3 of 5

7. The defendant agrees to recommend a sentence of not less than 72 months imprisonment and agrees not to make any argument to the Court or in any pleadings that a sentence of less than 72 months would be reasonable. The United States agrees to recommend a sentence of not more than 180 months imprisonment and agrees not to make any argument to the Court or in any pleadings that a sentence of more than 180 months would be reasonable. The United States agrees to dismiss Count One of the indictment at the time of sentencing, which charges a violation of Title 18, United States Code, Section 1591, and carries a mandatory minimum prison term of ten years imprisonment.

8. The defendant understands that restitution in this case is governed by 18 U.S.C. § 2259. The exact restitution figure will be agreed upon by the parties prior to sentencing or, if the parties are unable to agree upon a specific figure, restitution will be determined by the Court at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately

9. The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant also authorizes the U.S. Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents. Finally, the defendant understands, as set forth in Paragraph Six above, that the United States' agreement to recommend a reduction for acceptance of responsibility will be based, in part, on the defendant's full and truthful accounting, and efforts to make the agreed-upon immediate restitution payments.

10. The defendant agrees not to file a claim to any property in any civil, administrative, or judicial proceeding, which has already been initiated or which may be initiated in the future, including the forfeiture of a Galaxy Note 9 phone and a Samsung Tablet which were seized by the Madison Police Department on June 11, 2020. Defendant agrees to waive all time limits and his right to notice of any forfeiture proceeding involving this property. Defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding.

11. The defendant agrees that he is the sole owner of all the property listed above, and agrees to hold the United States, its agents, and employees harmless from

March 26, 2021
Page 4 of 5

any claims in connection with the seizure or forfeiture of property covered by this agreement.

12. The defendant agrees to consent to the order of forfeiture for the listed property and waives the requirement of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

13. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States, the State of Wisconsin, or its subdivisions.

14. The defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

15. In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in the property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant.

16. In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

17. If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

March 26, 2021
Page 5 of 5

18. By your signatures below, you and the defendant also acknowledge that this is the only plea agreement in this case.

Very truly yours,

TIMOTHY M. O'SHEA
Acting United States Attorney

4/8/2021
Date

By: *[signature]*
JULIE S. PFLUGER
Assistant United States Attorney

/s/ Kelly A. Welsh
KELLY A. WELSH
Attorney for the Defendant

4/8/2021
Date

*[signature]*
BRIAN LAMPHIER
Defendant

4/2/2021
Date

Enclosure